FILED

NOV 1 7 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUAN CARLOS MARTINEZ-OCHOA, | ) |
| | ) |
| Petitioner, | ) Cr. No.  06-1472GT |
| | ) Cv. No.  08-2000GT |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

On October 27, 2008, Petitioner, Juan Carlos Martinez-Ochoa ("Mr. Martinez"), filed a Motion for Reduction of Sentence, presumably pursuant to 28 U.S.C. § 2255.  Mr. Martinez requests a downward departure based on his status as a deportable alien, which Mr. Martinez asserts "should have been considered as a mitigating factor" at his sentencing.  The Court has fully considered this matter, including a review of Mr. Martinez's brief filed, the authorities cited therein and the arguments presented.  For the reasons stated below, Mr. Martinez's Motion for Reduction of Sentence is **DENIED**.

//

1   First, Mr. Martinez pled guilty, pursuant to a written plea agreement, to two counts of illegal

2   entry, in violation of 8 U.S.C. § 1325.  In the written plea agreement, Mr. Martinez explicitly

3   waived his right to appeal and/or collaterally attack his conviction or sentence.  The Ninth Circuit

4   has long acknowledged that the terms of a plea agreement are enforceable.  *See, United States v.*

5   Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997).  Since Mr.

6   Martinez expressly waived his statutory right to appeal or collaterally attack his sentence in his plea

7   agreement, Mr. Martinez is now precluded from challenging that sentence pursuant to 28 U.S.C.

8   § 2255.  *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)  (holding that a

9   knowing and voluntary waiver of a statutory right is enforceable).

10   Moreover, even if Mr. Martinez had not expressly waived his right to appeal or

11   collaterally attack his sentence, his petition would still fail.  In essence, Mr. Martinez argues

12   that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and

13   minimum security confinement."  Mr. Martinez argues that the Court should grant him a

14   downward departure because of his status.  However, Mr. Martinez's argument that the Court

15   should depart downward because he is a deportable alien is precluded by statute and current

16   Ninth Circuit case law.  By statute, the Court may depart downward only if there are

17   "aggravating or mitigating circumstances . . . not adequately taken into consideration by the

18   Sentencing Commission." 18 U.S.C. § 3553(b).     Specifically, the Ninth Circuit has held that

19   the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing

20   purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1]  Accordingly,

21   //

22   //

23   //

24

25

26   [1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not

27   entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a
     deportable alien he is not eligible to spend the last six months of his sentence in a half way

28   house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th
     Cir. 1996).

06CR1472

**IT IS ORDERED** that Mr. Martinez's Motion for Reduction of Sentence is **DENIED.**

**IT IS SO ORDERED.**

_Nov. 16 2009_
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner

3

06CR1472